# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED ASSOCIATION OF PLUMBERS & PIPEFITTERS LOCAL 322 OF SOUTHERN NEW JERSEY, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>MALLINCKRODT ARD, LLC;<br>*f/k/a Mallinckrodt ARD, Inc.*<br>*f/k/a Questcor Pharmaceuticals, Inc.*<br><br>MALLINCKRODT PLC;<br><br>CIGNA HOLDING COMPANY;<br><br>CIGNA CORPORATION;<br><br>EXPRESS SCRIPTS HOLDING COMPANY;<br><br>EXPRESS SCRIPTS, INC.;<br><br>CURASCRIPT, INC.;<br><br>CURASCRIPT SD;<br><br>PRIORITY HEALTHCARE CORP. AND PRIORITY HEALTHCARE DISTRIBUTION, INC., *doing business as* CURASCRIPT SD AND CURASCRIPT SPECIALTY DISTRIBUTION SD, *respectively*;<br><br>ACCREDO HEALTH GROUP, INC.;<br><br>UNITED BIOSOURCE CORPORATION *now known as* UNITED BIOSOURCE LLC, *a wholly owned subsidiary of* UNITED BIOSOURCE HOLDINGS, INC.; and<br><br>LISA PRATTA<br><br>*Defendants*. | Civil Action No.:<br><br>Action Filed: November 22, 2019<br>Action Served: December 6, 2019 |

## DEFENDANTS MALLINCKRODT ARD LLC AND MALLINCKRODT PLC'S NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Mallinckrodt ARD LLC and Mallinckrodt plc (collectively, "Mallinckrodt") hereby give notice of removal of this action, *United Ass'n of Plumbers and Pipefitters Local 322 of Southern New Jersey v. Mallinckrodt ARD, LLC, et al.*, case number CAM-L-004696, from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey. Pursuant to 28 U.S.C. § 1446(a), Mallinckrodt provides the following statement of the grounds for removal:

## BACKGROUND

2. On November 22, 2019, this putative class action was filed in the Superior Court of New Jersey, Camden County, on behalf of Plaintiff United Association of Plumbers & Pipefitters Local 322 of Southern New Jersey ("Plaintiff"). The Complaint asserts claims against twelve defendants: two Mallinckrodt entities (Mallinckrodt ARD LLC and Mallinckrodt plc), nine Cigna entities (Cigna Holding Company, Cigna Corporation, Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Priority Healthcare Corp., Priority Healthcare Distribution, Inc., Accredo Health Group, Inc., and United BioSource Corp.) (collectively, the "Cigna Entities"), and one individual, Lisa Pratta.

3. This is one of five cases—three of which are class actions—Plaintiff's counsel has filed in different courts against Mallinckrodt and other defendants alleging harm related to Mallinckrodt's medication, Acthar Gel®. The Complaint in this case purports to assert claims on behalf of "[a]ll third-party payors and their beneficiaries (1) who are current citizens and residents of the State of New Jersey, and (2) who, for purposes other than resale, purchased or paid for Acthar from August 27, 2007 through the present," with certain exclusions. (Compl. ¶

406.)  The Complaint alleges seven statutory and common law causes of action: (1) violation of the New Jersey Consumer Fraud Act; (2) violation of the New Jersey Antitrust Act; (3) violation of the New Jersey RICO statute; (4) conspiring to violate the New Jersey RICO statute; (5) negligent misrepresentation; (6) conspiracy/aiding and abetting; and (7) unjust enrichment.

4. Plaintiff served the Complaint upon Mallinckrodt on December 6, 2019.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Mallinckrodt is attached hereto as Exhibit 1.  A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as Exhibit 2.

## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 110, 1391, 1441(a), and 1446(a) because the Superior Court of New Jersey, Camden County, is a state court within the District of New Jersey.

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there is minimal diversity between the parties; (2) there are at least 100 class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## LEGAL STANDARD

7. "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014).  "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"  *Id.* at 89

(quoting S. Rep. No. 109-14, p. 43 (2005)). Accordingly, "no antiremoval presumption attends cases invoking CAFA." *Id.*

8. Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "'short and plain statement of the grounds for removal.'" *Dart Cherokee*, 574 U.S. at 87 (quoting 28 U.S.C. § 1446(a)). In a notice for removal, the court "should accept a defendant's amount in controversy allegation unless it is contested by the plaintiff or questioned by the Court." *Grace v. T.G.I. Fridays*, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (citing *Dart Cherokee*, 574 U.S. at 87).

## GROUNDS FOR REMOVAL

### A. The Parties are Minimally Diverse

9. This action satisfies CAFA's minimal diversity requirements. Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only *minimal diversity*. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where at least one member of the putative class is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A); *Portillo v. Nat'l Freight, Inc.*, 169 F.Supp.3d 585, 592 (D.N.J. 2016).

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Plaintiff has its offices in New Jersey and its members are employed in New Jersey; therefore, Plaintiff is a citizen of New Jersey. (Compl. ¶¶ 27-28.)

12. Defendant Mallinckrodt plc is incorporated in Ireland and has its corporate headquarters and principal executive offices in Staines-upon-Thames, United Kingdom. Therefore, Defendant Mallinckrodt is not a citizen of New Jersey. (Compl. ¶ 32.)

13. Additionally, none of the Cigna Entities are citizens of New Jersey. (Compl. ¶¶ 40, 42, 44, 46, 50, 52.) For example, Cigna Corporation and Cigna Holding Company are incorporated in Delaware and have a principle place of business in Connecticut. (Compl. ¶ 40.)

14. Because Plaintiff is a citizen of New Jersey and many Defendants are not citizens of New Jersey, CAFA's minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### B. Plaintiff's Proposed Class Includes At Least 100 Members

15. Plaintiff seeks to represent a class consisting of "[a]ll third-party payors and their beneficiaries (1) who are current citizens and residents of the State of New Jersey, and (2) who, for purposes other than resale, purchased or paid for Acthar from August 27, 2007 through the present," with certain exclusions. (Compl. ¶ 406.) The Complaint alleges that "[t]he proposed Class consists of *at least hundreds* of private payors and consumers located throughout New Jersey" and that "the Class is so numerous that joinder of all of its members is impractical." (Compl. ¶ 408.) (emphasis added).

16. Accordingly, the proposed class purportedly includes at least 100 members.

### C. The Amount in Controversy Exceeds $5,000,000

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Under CAFA, jurisdiction exists when the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The amount in controversy is calculated by

5

aggregating the claims of all putative class members, including attorney's fees. *See Kasher Law Group, LLC v. Ciox Health, LLC*, 2018 WL 4215004, at *3 (D.N.J. Sept. 5, 2018); *Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *8 (D.N.J. July 27, 2015). In *Grace*, the court found that the $5,000,000 threshold was reached after accounting for treble damages, punitive damages, and attorney's fees. *Grace*, 2015 WL 4523639, at *8. In *Kasher*, defendant highlighted allegations in plaintiff's complaint regarding potential damages and attorney's fees, which was "sufficient to establish a *prima facie* basis for subject matter jurisdiction under CAFA at the time of removal." *Kasher Law Group, LLC*, 2018 WL 4215004, at *3.

18.  Plaintiff's Prayer For Relief seeks (1) "actual damages incurred by Plaintiff as a result of the wrongful acts complained of"; (2) "statutory damages . . . under the statutory claims"; (3) "treble damages or multiple damages by operation of law"; (4) punitive damages; and (5) reasonable attorney's fees. (Compl., Prayer for Relief, c-g.).

19.  Plaintiff claims that Class members "have paid millions of dollars in overpayments for Acthar." (Compl. ¶ 650.) While Plaintiff does not provide any mathematical calculations for its assertion, it claims that there are "at least hundreds" of Class members. (Compl. ¶ 408.) Plaintiff further alleges that "over the last few years alone," Defendants have sold "thousands of vials of Acthar" per quarter "in each state in the United States." (Compl. ¶ 408.) The Complaint claims that the current cost of a vial is more than $45,000. (Compl. ¶ 62.)

20.  Adding other categories of requested damages and attorney's fees to Plaintiff's allegations regarding actual damages ensures that the amount in controversy far exceeds $5,000,000, exclusive of interest and costs. Specifically, Plaintiff's antitrust claim seeks "three times the actual damages sustained" by Class members. (Compl. ¶ 614.) Plaintiff seeks punitive damages for what it alleges was "willful, outrageous and reckless conduct" on the part of

Mallinckrodt. (Compl. ¶ 22.) And Plaintiff seeks "reasonable attorney's fees," which, for the purposes of this analysis, can be assumed to be as much as thirty percent of the judgment. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (using attorney's fees of thirty percent when calculating whether amount of controversy is over $5,000,000 for analysis of removal under CAFA). Accordingly, a conservative estimate of Plaintiff's and the putative class' alleged actual damages, other compensatory features of the relevant statutes, and attorneys' fees leads to an aggregated total of damages and fees that meets the $5,000,000 threshold required for removal.

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A. This Notice of Removal is Timely

21. This Notice of removal is timely filed. Mallinckrodt agreed to accept service on December 6, 2019. Mallinckrodt filed this Notice of Removal on January 6, 2020, within thirty days of service. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint); *see also* Fed. R. Civ. P. 6(a)(1)(C).

### B. Consent to Removal Is Not Required Under CAFA

22. Under CAFA, the removing party is not required to obtain the consent of other defendants to file a Notice of Removal. 28 U.S.C. § 1453(b). Nevertheless, all Defendants have consented to removal of this action.

23. By filing this Notice of Removal, Mallinckrodt does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Mallinckrodt requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

US 167209010v4

LEGAL/127106281.v1

## **CONCLUSION**

Based on the above-described grounds, Mallinckrodt removes this action from the Superior Court of New Jersey, Camden County, to the United States District Court for the District of New Jersey.

DATED:  January 6, 2020

                                      Respectfully submitted,

                                      By: /s/ Jonathan D. Weiss
                                      JONATHAN D. WEISS, ESQUIRE
                                      MATTHEW J. BEHR, ESQUIRE
                                      Marshall, Dennehey, Warner, Coleman & Goggin
                                      15000 Midlantic Drive, Suite 200
                                      P.O. Box 5429
                                      Mount Laurel, NJ 08054

                                      Attorneys for Defendant, Mallinckrodt ARD LLC
                                      f/k/a Mallinckrodt ARD Inc., f/k/a Questcor
                                      Pharmaceuticals, Inc.

US 167209010v4

LEGAL/127106281.v1